Withers J.
delivered the opinion of the Court.
There is nothing in the third ground of appeal, for the matter embraced in it was submitted to the jury under a proposition of law unexceptionable in form or substance. The main question in the case grows out of the first ground of appeal, which complains, “that his Honor erred in denying to the defendant’s counsel the right to cross-examine the defendant, who was examined by the plaintiff.” In pursuance of the thirty-fourth rule of Court, questions in writing were propounded on the part of plaintiff to the defendant, who thought proper to embrace the alternative permitted by the rule, of answering ore tenus.
Whether we refer to the inveterate and general practice, or to the proper interpretation of the rule cited, the attorney for defendant was not entitled to cross-examine him. It is not perceived how the defendant could occupy a position,by reason of delivering his testimony ore tenus, more favorable to the claim now made in his behalf, than he would have done in case he had submitted answers in waiting attested before the clerk; or in the case of being absent from the State, the plaintiff had resorted to a commission for his deposition. In either of these latter cases, it cannot be pretended that the defendant’s counsel would have been authorized to propound cross-interrogatories. No provision is made or intended in the 34th rule of Court to secure to the defendant or party examined by commission the privilege of cross interrogatories. Indeed, when a party is called upon in the summary process jurisdiction to give testimony, he is not regarded as a witness generally, but the object is to extract from him a discovery upon such matters as are set down in writing, this mode of proof having *343 been authorized only in cases where, to the party resorting to it, evidence is inaccessible according to common law rules. Nor does it appear that the appellant in this case will derive any benefit from any illustration tobe derived from the practice in equity in similar cases. Upon a bill for discovery, the answer of the respondent is understood to be recognized in that jurisdiction as evidence, only so far as it is responsive to the allegations and inquiries contained in the bill. It is not intended to restrict the answers of a party when examined, as in the present case, to such limits as would cut off a full explanation of his meaning, by qualification or otherwise, in the direct answers he may make to the interrogatories propounded. In other words, it is intended, that within the range prescribed by the questions, his answers shall be complete, and this as well for the benefit of his adversary as of himself. But within such range his responses must be confined, and the true and fair execution of the rule, so understood, will be secured by the supervision of the presiding Judge. These observations wall cover the second ground also. The inquiry in the seventh interrogatory, demanded whether the-defendant had ever mentioned to the plaintiff any thing about the mistake that he alleged, or had consulted counsel on the subject. This question had nothing to do with any thing he may have said to Allen Little.
The motion is refused.